## COMMONWEALTH *vs.* HENRY BOYNTON.

An indictment upon Rev. Sts. *c.* 131, § 1, for selling diseased, corrupted, or unwholesome provisions, must distinctly aver that the vendor knew they were diseased, &c. An allegation that he did "knowingly sell" such provisions, "without making fully known to the vendee that the same were diseased," is not sufficient.

INDICTMENT upon Rev. Sts. *c.* 131, § 1, charging that the defendant "did knowingly sell unto one Jeremiah Barker, a certain piece of diseased, corrupted, and unwholesome provision, to wit: one hind leg of veal, the said Boynton not then and there making known fully to said Barker that the same was diseased, corrupted, and unwholesome," &c. After conviction in the court of common pleas, the defendant moved in arrest of judgment for insufficiency of the indictment, which motion being overruled, he appealed to this court

*N. W. Harmon*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

BIGELOW, J. The motion in arrest of judgment in this case rests mainly on the omission to aver in the indictment a knowledge by the defendant, at the time of the alleged sale, that the meat sold by him was diseased and corrupted. There can be no doubt that the gist of the offence, under Rev. Sts. *c.* 131, § 1, upon which this indictment is founded, consists in the guilty knowledge or evil intent of a party in selling meat, which he knows to be unfit for food. This is necessarily implied by the language of the statute, which imposes a penalty

upon any person who shall knowingly sell unwholesome provisions "without making the same fully known to the buyer."

Such being the nature of the offence charged upon the defendant, he has a right to insist that it should be formally and substantially described; that is, set out in the indictment with technical precision and accuracy, according to the rules of the common law. *Commonwealth* v. *Davis*, 11 Pick. 432, 438; *Commonwealth* v. *Phillips*, 16 Pick. 211, 213. It is a familiar rule of criminal pleading, that wherever the intention of a party is necessary to constitute an offence, such intent must be alleged in every material part of the description where it so constitutes it; thus, where a forged order was presented and money obtained thereby, and the indictment alleged that the defendant, with intent to cheat, knowingly pretended it to be genuine, but did not aver the obtaining money thereby to have been done knowingly, it was held bad. 1 Chit. Cr. Law, 232, 233; *Rex* v. *Rushworth*, 1 Stark. R. 396; and Russ. & Ry. 317; *Commonwealth* v. *Slack*, 19 Pick. 304, 307.

In the present indictment, the only distinct averment of knowledge on the part of the defendant is, that he "knowingly sold" corrupt and unwholesome meat. There is no averment that he knew the meat to be in a diseased and unhealthy state, or unfit for food, at the time of the sale. The word "knowingly" does not apply to and qualify every act charged, essential to constitute the offence under the statute; strictly speaking, and construing the language of the indictment according to the technical rules of pleading, it qualifies and gives significance only to the word sell; so that in substance and legal effect, the averment is only that the act of sale was done by the defendant knowingly. But there is no allegation of any knowledge by him, at the time the sale was made, of the condition of the meat. The whole allegation might, therefore, be true, and yet the defendant might be innocent of any offence. The sale, of itself, is not made criminal, but it is the sale coupled with a knowledge of the diseased state of the thing sold, which constitutes the offence; a person might well sell meat knowingly, and yet be wholly ignorant of its true condition. The averment of knowledge

does not extend to each part of the description of the offence, in which it is an essential element. The indictment is, there-fore, fatally defective, because it does not describe, in apt and technical terms, any criminal act for which the defendant can be held responsible, or upon which any valid judgment can be rendered.

The precedents of indictments for offences similar to that intended to be set out in the present indictment, are quite numerous, and are uniform in alleging, not only that the act of sale was made knowingly, but also in averring that the defendant well knew, at the time of the sale, the corrupt and unwholesome condition of the articles sold. See 2 Stark. Cr. Pl. 682; 2 Chit. Cr. Law, 556, 558.

*Judgment arrested.*